# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JENNY CONNELL SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| versus | ) Case Number: |
| | ) |
| **HAYNES & HAYNES, P.C.,** | ) |
| **ALICIA K. HAYNES, and** | ) _____ |
| **KENNETH D. HAYNES,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

This is an action filed under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et. seq. (hereinafter the "Fair Labor Standards Act" or "FLSA").

## JURISDICTION & VENUE

1. Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the Fair Labor Standards Act, by 28 U. S.C. § 1331, this action arising under the laws of the United States, and by 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

3. Defendants are an Alabama corporation and its owners that

employed Plaintiff to labor for their benefit in this District.

4. The cause of action set forth in this Complaint arose in this District.

## PARTIES

**A.  Plaintiff**

5. Plaintiff, Jenny Connell Smith, is over the age of nineteen (19) years, was a resident of the State of Alabama during her employment, and currently resides in State College, Pennsylvania, and is a former employee of Defendants.

6. During all times relevant to this Complaint, Plaintiff was an employee of Defendants and was subject to the full protection of the Fair Labor Standards Act. During her employment with Defendants, Plaintiff engaged in interstate commerce.

**B.  Defendants**

7. Haynes & Haynes, P.C. is a business organization created and organized under the laws of the State of Alabama, currently operating in Birmingham, Alabama. Defendants' registered street address is 1600 Woodmere Drive, Birmingham, Alabama  35226.

8. Upon information and belief, Defendants have gross revenues

which exceed $500,000 per year.  Defendants are engaged in interstate commerce.

9. Defendants are considered employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and are not exempt from the Act.

10. Alicia K. Haynes is a managing owner of Haynes & Haynes, P.C.  She is considered an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and is not exempt from the Act.

11. Kenneth D. Haynes is also a managing owner of Haynes & Haynes, P.C.  He is considered an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and is not exempt from the Act.

## FACTUAL ALLEGATIONS

12. Plaintiff was an adult resident of the State of Alabama, Jefferson County at the time of her employment by Defendants.

13. Plaintiff is currently an adult resident of Pennsylvania, residing in Centre County.

14. Plaintiff was employed initially by the Defendants for a period beginning in or about December 2000 and ending in or about April 2009. During her first stint with Defendants, Plaintiff received salary compensation

3

and benefits, including sick pay, vacation pay, holiday pay, investment opportunities, and health insurance coverage.

15. Plaintiff was rehired by Defendants a second time for a period beginning in or about July 2011 and ending in or about December 2012. Upon her return, Plaintiff was paid at a rate of $23 for each hour worked. Plaintiff received no benefits. Plaintiff performed the exact same duties in her second stint as she did in her first. As part of her job as a paralegal, Plaintiff regularly took calls from out-of-state potential clients, which were referred to out-of-state lawyers. As part of her job, Plaintiff spoke with out-of-state attorneys regarding appeals of the firm's cases to the U.S. Supreme Court. As part of her job, Plaintiff forwarded locally filed pleadings via mail and email to pro hac vice counsel out of state for review.

16. Plaintiff's wages did not compensate her in the manner required by the FLSA. Plaintiff was misclassified as a contract employee and was, therefore, improperly paid during the entire second period of her employment with the Defendants.

17. Plaintiff typically worked in excess of forty (40) hours per week during the second term of her employment with the Defendants. Starting the week of July 10, 2011, Plaintiff regularly worked in excess of 40 hours until

4

her employment ended around December 2012.  Plaintiff worked in excess of forty hours in a workweek every month of her employment from July 2011 through December 2012.  Plaintiff's records indicate she worked in excess of 886 hours of overtime.  She was paid a straight time hourly rate of $23 for the overtime hours she worked instead of the time and a half overtime rate of $34.50 to which she was entitled under the law.

18. Plaintiff did not receive the premium rate required by the FLSA for each hour worked above forty (40) per week.

19. The duties assigned to and performed by Plaintiff as a paralegal did not exempt her from the protections of the FLSA.  In her previous stint of employment with Defendants doing the same job, Plaintiff had not been considered an exempt employee.  Although Defendants characterized Plaintiff as a contractor, Plaintiff's work as a paralegal was integral to the employer's business, Plaintiff was employed on a long-term basis, Plaintiff used Defendants' facilities and equipment to perform her work, Plaintiff's hours were set by Defendants, Plaintiff was subjected to discipline by her employers, and Plaintiff did not work for any other firms or companies during her employment with Defendants.

20. Defendants have a duty under 29 U.S.C. § 211(c) to keep

5

certain records pertaining to the hours Plaintiff worked and the pay Plaintiff received.  Plaintiff will rely upon these records, assuming they are correct, as part of her case.  Plaintiff will also rely on records she possesses.

21. Defendants' violations of the Fair Labor Standards Act were willful and without good faith and were the result of a conscious business decision made by Defendants to generate greater profit at the expense of Plaintiff.  Defendants' primary area of practice is labor and employment law.  Defendants were aware of the requirements of the FLSA.  Tammy Edwards currently works for Defendants and is misclassified as an exempt employee and is not paid the overtime she is entitled to.  Bethany Blackwell, a former paralegal, was misclassified as an exempt employee and not paid overtime she was entitled to.  Blackwell was discharged after she requested to be paid the overtime she was entitled to.  During and after her employment, Plaintiff spoke with her employers on multiple occasions about being misclassified and not paid the overtime she was entitled to.  Despite Plaintiff's complaints, Defendants did not correct Plaintiff's misclassification or award her the overtime she was owed.

## COUNT ONE

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

## (Overtime Violations – 29 U.S.C. § 207)

22. Plaintiff re-alleges paragraphs 1 through 21 above as though fully set forth herein.

23. Defendants have failed to compensate Plaintiff at the premium overtime rate for all hours worked above forty in each workweek.

24. Plaintiff, as a paralegal, was not exempt from the protections of the Fair Labor Standards Act.

25. Defendants' failure to pay the Plaintiff correctly was willful and without good faith as defined in 29 U.S.C. § 260.

26. Defendants, by such failure, have willfully violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff requests this Court to enter judgment in favor of Plaintiff and against Defendants for:

A. A judicial determination that Defendants have violated the Fair Labor Standards Act.

B. All amounts of wages that the Plaintiff should have received

under the Fair Labor Standards Act, but for the Defendants' willful violation of her rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

  C. All reasonable costs and attorney fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b); and

  D. Any other relief this Honorable Court finds to be due and proper under the circumstances.


Respectfully Submitted,
**Russell P. Parker**
Russell P. Parker
ASB-7571-S74P
2170 Highland Avenue South, Suite 111
Birmingham, AL 35205
T (205) 222-2524
F (205) 332-1988
RussParkerLaw@gmail.com

**Defendants' Addresses**
**Haynes & Haynes, P.C.**
**℅ Alicia K. Haynes**
**1600 Woodmere Dr**
**Birmingham, AL 35226**

**Alicia K. Haynes**
**1600 Woodmere Dr**
**Birmingham, AL 35226**

**Kenneth D. Haynes**
**1600 Woodmere Dr**
**Birmingham, AL 35226**