IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JENNY CONNELL SMITH,<br><br>      **Plaintiff,**<br><br>v.<br><br>HAYNES & HAYNES, P.C.,<br>ALICIA K. HAYNES and<br>KENNETH D. HAYNES,<br><br>      **Defendants.** | **CIVIL ACTION NO.:**<br>**2:14-cv-01334-RDP** |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Haynes & Haynes, P.C., Alicia K. Haynes and Kenneth D. Haynes, (hereinafter "Defendants"), in the above-styled action, respond to Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1. Defendants admit the Court has jurisdiction in this matter but deny any actionable claims under the Fair Labor Standards Act ("FLSA").

2. Defendants admit that venue is appropriate in this Court.

3. Defendant Haynes & Haynes, P.C. admits that it is an Alabama corporation, admits it employed the Plaintiff for a period but that she was an independent contractor for the time period in question. Defendants deny that Alicia

Haynes and Kenny Haynes are employers under the FLSA and otherwise deny any and all remaining allegations of this paragraph.

4. Defendants admit that venue is appropriate in this Court, but deny the remaining allegations of paragraph 4.

## PARTIES

5. Defendants admit that Plaintiff is over the age of nineteen (19) years, was a resident of the State of Alabama while engaged by Haynes & Haynes. Defendants deny that Alicia Haynes and Kenny Haynes are employers under the FLSA and otherwise deny any and all remaining allegations of this paragraph.

6. Defendants admit Plaintiff was a former employee of Haynes & Haynes, but deny she was an employee of any defendant during the time period in question and this is a proper action under the FLSA. Defendants deny that Alicia Haynes and Kenny Haynes are employers under the FLSA and otherwise deny any and all remaining allegations of this paragraph.

7. Admit as to Haynes and Haynes but denied as to Kenny and Alicia Haynes. All remaining allegations of this paragraph are denied.

8. Admit as to Haynes and Haynes but denied as to Kenny and Alicia Haynes. All remaining allegations of this paragraph are denied.

9. Admit as to Haynes and Haynes but denied as to Kenny and Alicia Haynes. All remaining allegations of this paragraph are denied.

10. Admit that Alicia K. Haynes is a managing partner of Haynes & Haynes, P.C., but deny the remaining allegations of Paragraph 10.

11. Admit that Kenneth D. Haynes is a managing partner of Haynes & Haynes, P.C., but deny the remaining allegations of Paragraph 11.

**FACTUAL ALLEGATIONS**

12. Admit Plaintiff resided in Alabama while she was engaged by Haynes & Haynes.

13. Defendants do not have sufficient evidence to admit or deny the allegations of Paragraph 13, therefore, denied.

14. Admit as to Haynes and Haynes but denied as to Kenny and Alicia Haynes. All remaining allegations of this paragraph are denied.

15. Defendants admit the Plaintiff was engaged as a 1099 contractor for Haynes & Haynes, at her request, in or about July, 2011 and her contract ended on or around December, 2012 when she terminated the engagement. Defendants admit Plaintiff's contract pay rate was $23 for each hour worked for Haynes & Haynes and that she received no employment benefits as she was not employed. Haynes & Haynes offered on numerous occasions to hire Plaintiff as a W-2 employee which would have made her eligible for health benefits but Plaintiff rejected these offers because she wanted to continue getting free care and medications for her health condition from a Birmingham outreach clinic. Plaintiff rejected health insurance

3

providers by doctors because the co-pays would cost her too much money in comparison to the free treatment she received. Admit Plaintiff took calls from out of state attorneys. Denied as to Kenny and Alicia Haynes. All remaining allegations of this paragraph are denied.

16. Defendants deny the allegations contained in Paragraph 16.

17. Defendants admit the Plaintiff was compensated by Haynes & Haynes for the hours of work she performed as an independent contractor, but deny she was entitled to overtime compensation. Denied as to Kenny and Alicia Haynes. All remaining allegations of this paragraph are denied.

18. Defendants deny the allegations contained in Paragraph 18, because she worked for Haynes & Haynes as an independent contractor and therefore is not entitled to receive the premium rate as required by the FLSA for each hour worked above forty (40) per week. Plaintiff worked for other law firms during the same period of time, held herself out as a contract paralegal and at all times held a business license and filed income tax returns as self-employed. Plaintiff further rejected full-time employment because she was in bankruptcy and did not want to declare full time employment.

19. Denied as Plaintiff regularly performed work for other law firms and attorneys when she deemed appropriate. Denied as to Kenny and Alicia Haynes. All remaining allegations of this paragraph are denied.

20. Haynes & Haynes keeps accurate records. Otherwise, denied.

21. Denied.

## COUNT ONE

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

### (Overtime Violations – 29 U.S.C. § 207)

22. Defendants re-allege its responses to Paragraphs 1-21 as though set forth fully herein.

23. Denied.

24. Admit that the Plaintiff performed paralegal duties for Haynes & Haynes and other law firms as a contractor, but deny the remaining allegation of Paragraph 24.

25. Denied.

26. Denied.

In response to Plaintiff's WHEREFORE Paragraph and Subparts A-D, immediately following Paragraph 26 of the Complaint, Defendants deny the averments contained therein and specifically deny that the Plaintiff is entitled to the relief requested or to any relief whatsoever.

## **AFFIRMATIVE AND OTHER DEFENSES**

Defendants hereby state the following affirmative and additional defenses to Plaintiff's Complaint as follows, but do not assume the burden of proof on any

defenses except as required by applicable law with respect to the particular defense asserted. Defendants further reserve the right to assert other affirmative and additional defenses or to supplement otherwise this Answer upon discovery of facts or evidence rendering such action appropriate.

### FIRST DEFENSE

To the extent Plaintiff's claims occurred beyond the applicable statute of limitation period, those claims are barred.

### SECOND DEFENSE

To the extent the defenses of *res judicata*, judicial estoppel and collateral estoppel become applicable in this matter; Defendants assert them in this case.

### THIRD DEFENSE

Plaintiff cannot seek equitable relief under the FLSA and is not entitled to a jury trial on any claims for equitable relief. Neither injunctive nor declaratory relief is available in private causes of action under the FLSA.

### FOURTH DEFENSE

Defendants reserve the right to show the Plaintiff has worked no statutory overtime during the period applicable to this lawsuit.

**FIFTH DEFENSE**

Defendants reserve the right to show the Plaintiff is estopped from claiming overtime wages by her continued acceptance of contract pay, her submission of time records and/or other actions or omissions.

**SIXTH DEFENSE**

Assuming, *arguendo,* that Plaintiff could recover damages in this action for additional wages and/or overtime payments or other damages, any damages are barred, reduced or set off by, *inter alia*, Plaintiff's compensated time-off, failure to work full-hours, and by any debts owed the employer or other deductions, including, but not limited to, setoffs or deductions for absences or tardiness, or as otherwise allowed by the FLSA.

**SEVENTH DEFENSE**

Defendants acted in good faith and, therefore, the Plaintiff cannot recover liquidated damages.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by the doctrine of accord and satisfaction, full payment, estoppel, judicial estoppel, and waiver.

## NINTH DEFENSE

This matter is subject to a two-year statute of limitations period under the FLSA. Any claims brought outside of the applicable statute of limitations period are barred.

## TENTH DEFENSE

Plaintiff cannot establish that the Defendants engaged in willful conduct within the meaning of the FLSA.

## ELEVENTH DEFENSE

Without admitting liability for any acts or omissions alleged in the Complaint, any acts or omissions complained of were undertaken or made in good faith, and/or in conformity with, and in reliance on, written administrative regulations, orders, rulings, or interruptions of the Administrator of the Wage and Hour Divisions of the Department of Labor or the courts.

## TWELFTH DEFENSE

Plaintiff is not entitled to liquidated damages, even if she can prove a violation of the FLSA, because any acts or omissions giving rise to the Plaintiff's claims were undertaken or made in good faith and the Defendants had reasonable ground for believing that its acts or omissions did not violate the FLSA.

**THIRTEENTH DEFENSE**

Defendants reserve the right to show the Plaintiff at all times pertinent hereto was exempt from the overtime requirements of the FLSA by virtue of Section 13(b)(1) thereof, 29 U.S.C. Section 213(b)(1).

**FOURTEENTH DEFENSE**

The Complaint is due to be dismissed to the extent the Plaintiff's employment or Defendants' business is not covered by the FLSA, because of any exceptions to the Act, because the Plaintiff was not a statutory "employee" or otherwise.

**FIFTEENTH DEFENSE**

Assuming, *arguendo,* that Plaintiff could recover damages in this action, Plaintiff cannot recover for non-compensable or *de minimis* matters and Plaintiff's claims would be subject to setoffs and deductions.

**SIXTEENTH DEFENSE**

Defendants adopt all defenses and limitations under the FLSA and applicable state laws.

**SEVENTEENTH DEFENSE**

At all times, Defendants acted in compliance with the reasonable standards of the industry in question.

## EIGHTEENTH DEFENSE

Plaintiff cannot establish that Defendants had a knowing or reckless disregard for whether its conduct was prohibited by the FLSA or any applicable state laws or regulations.

## NINETEENTH DEFENSE

To the extent applicable, Plaintiff's claims and/or recovery are barred in whole or in part because of after-acquired evidence of wrongful conduct that would have resulted in termination of her contractor status had Defendants known of such conduct during the time of Plaintiff's engagement with Defendants. *See McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352 (1995); *Wallace v. Dunn Constr. Co.*, 62 F.3d 374 (11th Cir. 1995).

## TWENTIETH DEFENSE

Plaintiff may not recover liquidated damages because the Defendants and any of its officers, directors, managers, or agents did not commit any willful violation of the overtime provisions of the FLSA, nor did they ratify any such violation.

## TWENTY-FIRST DEFENSE

Assuming, *arguendo,* if Plaintiff is an employees under the FLSA, Plaintiff's FLSA claims are barred by the "good faith reliance" defense under Section 10 of the Portal-to-Portal Act.

## TWENTY-SECOND DEFENSE

Assuming, *arguendo*, if the Plaintiff is an employees under the FLSA, and further assuming, *arguendo*, the Plaintiff could establish an FLSA claim, Plaintiff is not entitled to prejudgment interest because the Defendants acted in good faith or because such interest is otherwise not properly recoverable.

## TWENTY-THIRD DEFENSE

Defendants reserve the right to add defenses or supplement this answer.

WHEREFORE, having stated their affirmative and additional defenses and having fully answered Plaintiff's Complaint, Defendants pray as follows:

a. That the Court dismiss the claim against all Defendants with prejudice;

b. That the Court enter judgment against the Plaintiff and in favor of the Defendants;

c. That costs be assessed against the Plaintiff;

d. That Defendants be awarded their attorneys' fees and costs incurred in the defense of this action; and

e. That the Court render to Defendants such other and further relief as it deems just and proper.

                Respectfully Submitted,

                /s/Brett Adair
                Brett Adair (ASB-4712-R71R)
                Attorney for Defendants

**OF COUNSEL:**

**ADAIR LAW FIRM, LLC**
4914 Cahaba River Road
Birmingham, Alabama  35243
(205) 933-8484
(205) 933-8286 – Facsimile
Brett@Adairlawfirm.com

                /s/John D. Saxon
                John D. Saxon
                Attorney for Defendants

**OF COUNSEL**:

**SAXON ATTORNEYS**
2119 3rd Avenue North
Birmingham, AL 3523
(205) 324-0223
jsaxon@saxonattorneys.com

## CERTIFICATE OF SERVICE

    I hereby certify that on the 6th day of August 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Russell P. Parker, Esq.
210 Highland Avenue South
Suite 111
Birmingham, AL 35205

                /s/Brett Adair
                OF COUNSEL